People v Patterson (2020 NY Slip Op 06649)





People v Patterson


2020 NY Slip Op 06649


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


951 KA 20-00710

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JORDAN R. PATTERSON, DEFENDANT-APPELLANT. 






LINDSEY M. PIEPER, ROCHESTER, FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered November 7, 2019. The judgment convicted defendant upon a jury verdict of rape in the second degree (eight counts), criminal sexual act in the second degree (two counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the second degree (Penal Law § 130.30 [1]). We reject defendant's contention that Supreme Court deprived him of his right to present a defense by limiting his cross-examination of a sexual assault nurse examiner and a forensic chemist. Even assuming, arguendo, that the court erred in limiting the cross-examination of those witnesses, we conclude that defendant was not deprived of his right to present a defense (see generally Chambers v Mississippi, 410 US 284, 302 [1973]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]) and according deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant failed to preserve his remaining contentions for our review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court